## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JOSEPH A. MARTINEZ, JR.,**

      **Plaintiff,**

      **vs.**                                                                 **Civ. No. 22-909  JB/JFR**

**CLINT SANDOVAL and**
**LOUIE A. TRUJILLO,**

      **Defendants.**


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANTS' MOTION TO CONSOLIDATE[1]

     **THIS MATTER** is before the Court on Defendants' Motion to Consolidate, filed May 1,

2024.  (Doc. 30.)  Plaintiff, who is proceeding *pro se*, has not filed a response.[2] [3]

     Defendants seek to consolidate this case with *Martinez Jr. v. Sandoval et al.,* USDC NM

Civ. No. 24-346 KG/JMR.  Doc. 30.  Defendants explain that Plaintiff has filed two near-

---

[1] On December 5, 2022, the Honorable James O. Browning entered an Order of Reference referring this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  Doc. 4.

[2] Plaintiff is proceeding *pro se* and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] Rule 7.1(b) of the Local Rules of Civil Procedure for the United States District Court District of New Mexico states in pertinent part:

     (b)     . . .  The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.

D.N.M.LR-Civ. 7.1(b).

     Rule 7.4(a) of the Local Rules of Civil Procedure for the United States District Court District of New Mexico states in pertinent part:

     (a)     Timing.  A response must be served and filed within fourteen (14) calendar days after service of the motion. . . .

D.N.M.LR-Civ. 7.4(a).

identical cases that undeniably involve common questions of law and fact.  *Id.*  For instance, Defendants state that Plaintiff alleges in both complaints that on December 28, 2020, following his arrest, he was sexually assaulted by Defendant Clint Sandoval while being transported to the Las Vegas Police Department.  *Id.*  Defendants state that although the legal claims raised in the two cases vary slightly, both broadly allege violation of Plaintiff's rights by a governmental actor acting under color of law.  *Id.*  Defendants argue that determining whether there is any merit to such claims will depend on the version of events accepted by the finder of fact and that combining these cases so they are before a single fact finder will help avoid the potential of any inconsistent findings.  *Id.*

Federal Rule of Civil Procedure 42(a) provides that if actions before the court involve a common question of law or fact, the court may consolidate the actions.  Fed. R. Civ. P. 42(a). Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  Once the district court determines there is a common question of law or fact, the Court weighs the interest of judicial convenience in consolidating against the delay, confusion, and prejudice that consolidation might cause.  *The Servants of the Paraclete, Inc., v. Great American Ins. Co.,* 866 F. Supp. 1560, 1572 (D.N.M. 1994).  Judicial economy and reduction of the burden on the parties and witnesses are also considerations.  The party moving for consolidation bears the burden of proving that consolidation is desirable.  5 James W. Moore & Jeremy C. Wicker, Moore's Fed. Prac. ¶ 42.04[1], p. 42-6 (1994) (citing cases).

Having reviewed the complaints in both cases, the Court finds Defendants have met their burden of proving that consolidation is desirable.  Here, the two cases involve a common question of fact, *i.e.,* alleged sexual assault while in custody.  Further, Plaintiff's asserted legal

claims - violation of his constitutional rights and/or tort claims – are based on the alleged sexual assault and actions taken by persons acting under color of law.  Last, because Plaintiff was in custody at the time of the alleged sexual assault giving rise to his claims,[4] these matters are exempted from ordinary case management and discovery and the Court will order a court-authorized investigation and report to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims.  *See* D.N.M.LR-Civ. 16.3(d), 26.3(a)(1); *Martinez v. Aragon*, 570 F.2d 317, 320 (10th Cir. 1987).  As such, the interest of judicial economy weighs in favor of consolidation.

For the foregoing reasons, the Court recommends consolidating this case with *Martinez Jr. v. Sandoval et al.,* USDC NM Civ. No. 24-346 KG/JMR.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[4] Plaintiff filed a Notice of Change of Address advising the Court that on April 8, 2024, he was released from the New Mexico Corrections Department.  Doc. 32.